# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

AITING LIMITED, a New York corporation; and CHANGSHA QINLAN KEJI YOUXIAN GONGSI, a corporation organized under the laws of the People's Republic of China ,

        Plaintiffs,

v.

KALYTY LLC, a Delaware limited liability; TIHOMIR TSANEV, an individual; HRISTO TODOROV TSANEV, an individual,

        Defendants.

Case No. 1:26-cv-6390

COMPLAINT FOR:

  (1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,416,350;
  (2) DECLARATORY JUDGMENT OF NO RIGHTS UNDER U.S. PATENT NO. 8,416,350;
  (3) TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE; AND
  (4) UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a).

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs AITING LIMITED ("AITING") and Changsha Qinlan Keji Youxian Gongsi ("Changsha Qinlan") bring this action against Defendants Kalyty LLC ("Kalyty"), Tihomir Tsanev and Hristo Todorov Tsanev (collectively, "Defendants"), and allege as follows:

### NATURE OF THE ACTION

1.    Plaintiffs sell television screen protectors to consumers in the United States through Amazon.com. Defendants have caused Amazon to remove Plaintiffs' listings by submitting infringement reports under U.S. Patent No. 8,416,350 (the "'350 Patent"). Plaintiffs'

products do not infringe the '350 Patent. On information and belief, Defendant Kalyty, which submitted the reports, does not own the '350 Patent and has no right to enforce it.

2.     Claim 1 of the '350 Patent requires a "bracket member" mounted to the television frame and a "hooking member" mounted to the screen protector, with front surfaces formed for mechanical interlock. Plaintiff Changsha Qinlan's product uses a single strap that wraps around the television. Plaintiff AITING's product uses double-sided tape that bonds the screen protector directly to the television frame. Neither product has any bracket member, hooking member, or mechanical interlock. The '350 Patent itself disclaims both designs as inferior prior art.

3.     Plaintiffs seek (i) a declaration that their products do not infringe the '350 Patent; (ii) a declaration that Kalyty has no rights under the '350 Patent enforceable against Plaintiffs; (iii) damages and injunctive relief for tortious interference with prospective business advantage; and (iv) damages and injunctive relief for unfair competition under Section 43(a) of the Lanham Act.

## THE PARTIES

4.     Plaintiff AITING LIMITED is a New York corporation with a registered address at 418 Broadway, Suite R, Albany, New York 12207.

5.     Plaintiff Changsha Qinlan Keji Youxian Gongsi is a corporation organized under the laws of the People's Republic of China, with its principal place of business in Changsha, Hunan Province, People's Republic of China.

6.     Two Plaintiffs are separately operated, but they are controlled by the same individual.

7.     On information and belief, Defendant Kalyty LLC is a Delaware limited liability company with a registered office at 3422 Old Capitol Trail, Suite 26, Wilmington, Delaware

19808. Kalyty operates an Amazon.com storefront under the seller name "Kaly Wholesale" and the brand "VIZOMAX," and owns U.S. Trademark Application Serial No. 97416609 for the mark VIZOMAX in International Class 9.

8.      Defendant Tihomir Tsanev is an individual residing in Arlington Heights, Cook County, Illinois. He is identified on the face of the '350 Patent as a co-inventor and applicant. On information and belief, Tihomir submitted the infringement reports at issue using the email address ttsanev@gmail.com.

9.      Defendant Hristo Todorov Tsanev is an individual residing in Schiller Park, Cook County, Illinois. He is identified on the face of the '350 Patent as an applicant and legal representative. On information and belief, Hristo is a member or manager of Kalyty.

10.      Tihomir and Hristo Tsanev are referred to collectively as the "Individual Defendants." On information and belief, the Individual Defendants hold all right, title, and interest in the '350 Patent, and each has authorized, ratified, or directly participated in the conduct alleged below.

## JURISDICTION AND VENUE

11.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1367(a), and under 15 U.S.C. § 1121.

12.      An actual case or controversy exists between Plaintiffs and Defendants. Defendants have accused Plaintiffs of infringing the '350 Patent through reports submitted to Amazon.com that have caused Amazon to remove Plaintiffs' listings. Defendants have not withdrawn the reports and have not provided Plaintiffs with a covenant not to sue.

13.     This Court has personal jurisdiction over Hristo Tsanev, who is domiciled in Illinois. This Court has personal jurisdiction over Kalyty, which on information and belief is controlled by Hristo and conducts continuous and systematic sales of VIZOMAX-branded products to consumers in Illinois through Amazon.com.

14.     This Court has personal jurisdiction over Defendant Tihomir Tsanev because he resides in Illinois and has personally participated in the conduct alleged herein, including the submission of infringement reports directed at Plaintiffs' Amazon.com listings.

15.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including the residence and conduct of Hristo Tsanev, the submission of infringement reports directed at Amazon.com's U.S. marketplace, and Kalyty's continuous offering for sale of VIZOMAX products to consumers in this District.

## FACTUAL ALLEGATIONS

### A. The '350 Patent

16.     The '350 Patent, titled "Detachable Screen Guard Assembly and Method for Securing a Screen Protector," issued on April 9, 2013. A true and correct copy of the '350 Patent is attached as Exhibit A.

17.     The '350 Patent issued from Application No. 13/352,567, filed January 18, 2012 as a continuation-in-part of Application No. 12/698,117, filed February 1, 2010. The parent application was abandoned for failure to pay the issue fee.

18.     The '350 Patent has one independent claim. Claim 1 reads as follows:

*1. A detachable screen guard assembly adapted to be mounted on a screen frame of an image display device comprising: a screen protector being optically transparent and physically*

*rigid, sized to extend over a screen of the image display device; a fastening apparatus adapted to be mounted on the screen frame of the image display device, detachably fastening the screen protector on the screen frame and having at least one couple of a bracket member and a detachable hooking member, wherein each one of the at least one bracket member has a front surface and a rear surface adapted to be connecting to and mounted on the screen frame by removable adhesive device, whereby said bracket member can be entirely removed from the screen frame without leaving marks or causing damage; each one of the at least one detachable hooking member corresponds to and faces a corresponding said bracket member, has a front surface and a rear surface adapted to be connecting to and mounted on the screen protector; the front surface of the hooking member and the front surface of the bracket member are formed to be mechanically interlockable, whereby when the hooking member and the bracket member are interlocked the screen protector is mounted on the image display device; and the hooking member and the bracket member can be interlocked in more than one position with respect to each other, allowing the screen protector to be adjusted with respect to the image display device.*

19.     Claim 1 requires (a) a "bracket member" with a front surface and a rear surface, the rear surface mounted to the television frame by a removable adhesive; (b) a separate "hooking member" with a front surface and a rear surface, the rear surface mounted to the screen protector; (c) a mechanical interlock between the front surfaces of the bracket member and the hooking member; and (d) interlock in more than one position. Claims 2 through 16 each depend from Claim 1.

20.     The '350 Patent specification disclaims two categories of prior art as inferior. First, the patent disclaims "hanging-type" screen protectors held in place by straps connected to the top and bottom of the protector. '350 Patent col. 1, ll. 33-43. Second, the patent disclaims

thin acrylic membranes that attach directly to the screen of a monitor. '350 Patent col. 1, ll. 53-60. The stated purpose of the '350 Patent is to provide a screen protector that uses neither approach.

### B. Defendants' VIZOMAX Brand and the Patent Ownership Mismatch

21. On May 17, 2022, Kalyty filed U.S. Trademark Application Serial No. 97416609 for the mark VIZOMAX in International Class 9. The application is currently active.

22. On information and belief, Kalyty uses the VIZOMAX mark to operate an Amazon.com storefront under the seller name "Kaly Wholesale," and Kalyty is the holder of the Amazon Brand Registry account associated with the VIZOMAX mark.

23. According to the records of the United States Patent and Trademark Office, no assignment of the '350 Patent has been recorded to Kalyty LLC. On information and belief, Kalyty does not own the '350 Patent and holds no exclusive license or other right to enforce the '350 Patent.

### C. Plaintiffs' Accused Products

24. Plaintiff Changsha Qinlan sells a television screen protector (the "Strap Product") secured to a television by a single strap. The strap passes through openings near the top and bottom edges of the screen protector and wraps around the television to hold the protector in place. The Strap Product has no separate component that mounts to the television frame, and no component on the screen protector that mechanically interlocks with any other component.

25. Plaintiff AITING sells a television screen protector (the "Adhesive Product") secured to a television by strips of double-sided tape applied between the rear face of the screen protector and the front frame of the television. The tape bonds the screen protector directly to the

frame. The Adhesive Product has no separate component that mounts to the television frame, and no component on the screen protector that mechanically interlocks with any other component.

26.     Neither the Strap Product nor the Adhesive Product includes any "bracket member," "hooking member," or pair of components with "front surfaces" "formed to be mechanically interlockable" within the meaning of Claim 1 of the '350 Patent.

27.     The Strap Product corresponds in structure and function to the strap-based prior art that the '350 Patent disclaims at col. 1, ll. 33-43. The Adhesive Product corresponds in structure and function to the direct-adhesive-attachment prior art that the '350 Patent disclaims at col. 1, ll. 53-60.

### D.  Defendants' Conduct

28.     Between August 1, 2025 and December 10, 2025, Defendants caused five separate patent infringement reports to be submitted to Amazon.com asserting U.S. Patent No. 8,416,350 against Plaintiffs' products. Each report identified "VIZOMAX" as the rights owner and ttsanev@gmail.com as the rights owner's contact email.

29.     Three of the reports targeted Plaintiff Changsha Qinlan's Strap Product: (a) on or about August 1, 2025, Complaint ID 18191454281, accusing ASINs B0CSWKK13M, B0CSWK4LT8, and B0D59YRS4Z; (b) on or about August 2, 2025, Complaint ID 18199854611, accusing ASINs B0DYJ8W88K, B0F12WTPJB, B0F18XFLYK, and B0F189JLTN; and (c) on or about September 16, 2025, Complaint ID 18468978341, accusing ASINs B0F135HKC2, B0F137W4F6, and B0DKJGJMVQ. As a result, Amazon removed each of Changsha Qinlan's ten Strap Product listings identified above.

30.     The remaining two reports targeted Plaintiff AITING's Adhesive Product and were submitted on the same day, December 10, 2025: (a) Complaint ID 19031249501, accusing

ASIN B0G3W1KNF5; and (b) Complaint ID 19067474051, accusing ASINs B0G3W3JPV2, B0DK52BRZY, B0G3VZZ8MM, B0G3W2S6H2, B0G3VZQHLS, B0G3W3VDD6, and B0G3VT9NGG. As a result, Amazon removed each of AITING's eight Adhesive Product listings identified above.

31. On information and belief, each of the foregoing reports was submitted through Kalyty's Amazon Brand Registry account associated with the VIZOMAX mark, by Tihomir Tsanev acting on his own behalf and as agent for Kalyty and the other Individual Defendants.

32. Defendants have not withdrawn any of the foregoing reports. Defendants have not provided Plaintiffs with a covenant not to sue or any other assurance that they will refrain from further enforcement of the '350 Patent against Plaintiffs.

33. As a result of Defendants' conduct, each Plaintiff has lost sales, suffered damage to its Amazon seller account and goodwill, and faces a continuing threat of further enforcement under the '350 Patent.

## COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,416,350
### (Strap Product)
### (Plaintiff Changsha Qinlan against All Defendants)

34. Plaintiff Changsha Qinlan repeats and realleges the foregoing paragraphs as if fully set forth herein.

35. The Strap Product does not include any "bracket member," "hooking member," or pair of components with "front surfaces" "formed to be mechanically interlockable," as required by Claim 1 of the '350 Patent. The Strap Product therefore does not literally infringe Claim 1 or any claim that depends from Claim 1.

36. The Strap Product does not infringe the '350 Patent under the doctrine of equivalents. Finding equivalence would vitiate the "bracket member," "hooking member," and "mechanical interlock" limitations of Claim 1. The Strap Product corresponds to the strap-based prior art expressly disclaimed by the '350 Patent, and the doctrine of equivalents cannot be used to recapture disclaimed prior art.

37. Plaintiff Changsha Qinlan is entitled to a declaration that the Strap Product does not infringe, has not infringed, and will not infringe any claim of the '350 Patent, either literally or under the doctrine of equivalents.

## COUNT II

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,416,350 (Adhesive Product)
### (Plaintiff AITING against All Defendants)

38. Plaintiff AITING repeats and realleges the foregoing paragraphs as if fully set forth herein.

39. The Adhesive Product does not include any "bracket member," "hooking member," or pair of components with "front surfaces" "formed to be mechanically interlockable," as required by Claim 1 of the '350 Patent. The strips of double-sided tape used in the Adhesive Product are not "bracket members" within the meaning of Claim 1: they are an adhesive layer, not a structural member with a front surface formed for mechanical interlock. The Adhesive Product therefore does not literally infringe Claim 1 or any claim that depends from Claim 1.

40. The Adhesive Product does not infringe the '350 Patent under the doctrine of equivalents. Finding equivalence would vitiate the "bracket member," "hooking member," and "mechanical interlock" limitations of Claim 1. The Adhesive Product corresponds to the direct-

adhesive-attachment prior art expressly disclaimed by the '350 Patent, and the doctrine of equivalents cannot be used to recapture disclaimed prior art.

41.     Plaintiff AITING is entitled to a declaration that the Adhesive Product does not infringe, has not infringed, and will not infringe any claim of the '350 Patent, either literally or under the doctrine of equivalents.

## COUNT III

### Declaratory Judgment that Kalyty LLC Has No Rights in U.S. Patent No. 8,416,350
### (Plaintiffs against Defendant Kalyty LLC)

42.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

43.     On information and belief, no assignment of the '350 Patent has been recorded with the United States Patent and Trademark Office to Kalyty LLC. On information and belief, Kalyty does not own the '350 Patent and holds no exclusive license or other right to enforce the '350 Patent.

44.     Despite its lack of rights in the '350 Patent, Kalyty has held itself out to Amazon.com as having authority to enforce the '350 Patent against Plaintiffs by causing infringement reports under the '350 Patent to be submitted through its Amazon Brand Registry account.

45.     An actual controversy exists between Plaintiffs and Kalyty regarding whether Kalyty holds any right in the '350 Patent enforceable against Plaintiffs.

46.     Plaintiffs are entitled to a declaration that Kalyty LLC holds no right, title, or interest in the '350 Patent enforceable against Plaintiffs and has no authority to assert the '350 Patent against Plaintiffs or Plaintiffs' products.

## COUNT IV

**Tortious Interference with Prospective Business Advantage**
**(Plaintiffs against Defendants Kalyty LLC and Tihomir Tsanev)**

47.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

48.     Each Plaintiff had a reasonable expectation of continuing sales of its product to consumers through Amazon.com.

49.     Kalyty and Tihomir Tsanev knew of those expectations. They knew, or in the exercise of reasonable diligence should have known, that Plaintiffs' products do not infringe the '350 Patent and that, on information and belief, Kalyty has no right to enforce the '350 Patent.

50.     Kalyty and Tihomir intentionally and without justification interfered with each Plaintiff's reasonable expectations by submitting infringement reports under the '350 Patent that caused Amazon to remove Plaintiffs' listings.

51.     As a direct and proximate result, Plaintiffs have suffered lost sales, damage to their Amazon seller accounts, harm to their goodwill, and other injury in an amount to be proven at trial.

### COUNT V

**Unfair Competition Under 15 U.S.C. § 1125(a)**
**(Plaintiffs against All Defendants)**

52.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

53.     Defendants compete with Plaintiffs in the sale of television screen protectors through Amazon.com.

54.     In the infringement reports submitted to Amazon.com, Defendants made false or misleading representations of fact, including (a) that Plaintiffs' products infringe the '350 Patent,

when in fact they do not, and (b) that Kalyty holds enforceable rights in the '350 Patent, when on information and belief it does not.

55. Defendants' representations were made in commerce and were calculated to deceive Amazon and consumers, to remove Plaintiffs' listings, and to divert sales from Plaintiffs to Defendants.

56. Defendants' conduct constitutes unfair competition and false representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiffs are entitled to damages, an accounting of Defendants' profits, injunctive relief, treble damages, costs, and attorneys' fees under 15 U.S.C. § 1117.

## EXCEPTIONAL CASE

57. This is an exceptional case under 35 U.S.C. § 285. The infringement reports accuse products that plainly do not infringe Claim 1 of the '350 Patent and that correspond to prior art the '350 Patent itself disclaims. The reports were submitted by an entity that, on information and belief, holds no rights in the '350 Patent. Plaintiffs are entitled to recover their reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants as follows:

A. Declaring that the Strap Product does not infringe and has not infringed any claim of the '350 Patent, either literally or under the doctrine of equivalents;

B. Declaring that the Adhesive Product does not infringe and has not infringed any claim of the '350 Patent, either literally or under the doctrine of equivalents;

C.      Declaring that Defendant Kalyty LLC holds no right, title, or interest in the '350 Patent enforceable against Plaintiffs and has no authority to assert the '350 Patent against Plaintiffs or Plaintiffs' products;

D.      Permanently enjoining Defendants from alleging that the Strap Product or the Adhesive Product infringes any claim of the '350 Patent, including by submitting further infringement reports to Amazon.com or any other e-commerce platform;

E.      Awarding Plaintiffs compensatory damages, and punitive damages to the extent permitted by law, on the claim for tortious interference;

F.      Awarding Plaintiffs damages, an accounting of Defendants' profits, treble damages, costs, and attorneys' fees under 15 U.S.C. § 1117 on the claim for unfair competition under the Lanham Act;

G.      Declaring this case exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorneys' fees;

H.      Awarding Plaintiffs their costs of suit; and

I.      Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38(b).


Dated: May 27, 2026                                    Respectfully Submitted

                                                       By: /s/ _Marjorie Ouyang_____
                                                       Marjorie Ouyang
                                                       Mandy Yueqi Wu
                                                       **Valley & Summit Law P.C.**
                                                       One Park Plaza, Suite 600
                                                       Irvine, CA 92614

*Attorneys for Plaintiffs*

# EXHIBIT A

US008416350B2

(12) **United States Patent**
Tsanev et al.

(10) **Patent No.:** **US 8,416,350 B2**
(45) **Date of Patent:** **Apr. 9, 2013**

(54) **DETACHABLE SCREEN GUARD ASSEMBLY AND METHOD FOR SECURING A SCREEN PROTECTOR**

(76) Inventors: **Tihomir Tsanev**, Bentonville, AR (US); **Maria Dimitrova Tsaneva**, Ruse (BG); **Detelina Todorova Tsaneva**, legal representative, Ruse (BG); **Hristo Todorov Tsanev**, legal representative, Schiller Park, IL (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **13/352,567**

(22) Filed: **Jan. 18, 2012**

(65) **Prior Publication Data**

US 2012/0113512 A1        May 10, 2012

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 12/698,117, filed on Feb. 1, 2010, now abandoned.

(51) **Int. Cl.**
*H04N 5/64* (2006.01)
*G03B 21/56* (2006.01)
*G02B 27/00* (2006.01)

(52) **U.S. Cl.**
USPC ............ **348/841**; 359/461; 359/601; 359/609

(58) **Field of Classification Search** ................... 348/841
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,427,264 A | 1/1984 | Kamerling | |
| 4,712,870 A | 12/1987 | Robinson | |
| 4,819,085 A | 4/1989 | Liang | |
| 4,834,330 A | 5/1989 | Swillinger | |
| 4,863,242 A | 9/1989 | Correa | |
| 4,865,420 A * | 9/1989 | Schmidt | 359/601 |
| 4,907,090 A | 3/1990 | Ananian | |
| 5,204,750 A | 4/1993 | Ferraroni | |
| 5,448,405 A | 9/1995 | Clausen | |
| 5,668,612 A | 9/1997 | Hung | |
| 5,971,548 A | 10/1999 | Hung | |
| 6,125,525 A | 10/2000 | Brock | |
| 6,469,752 B1 | 10/2002 | Ishikawa | |
| D504,899 S | 5/2005 | Ellis | |
| 6,967,635 B2 | 11/2005 | Hung | |
| 7,226,176 B1 * | 6/2007 | Huang | 359/609 |
| 7,292,435 B2 | 11/2007 | She | |
| 7,352,507 B2 | 4/2008 | Sample | |
| 2007/0121209 A1 * | 5/2007 | Liang et al. | 359/461 |

* cited by examiner

*Primary Examiner* — Christopher S Kelley
*Assistant Examiner* — Hee-Yong Kim

(57) **ABSTRACT**

A detachable screen guard assembly mounted on a screen frame of a monitor comprising a screen protector and a fastening apparatus. The screen protector is transparent and made of glass, acrylic, or plastic having excellent transparency.

The fastening apparatus includes at least one couple of a hooking member and a bracket member. The bracket member is mounted on the screen frame and the hooking member is mounted on the screen protector. The hooking member attaches mechanically to the bracket member. Because the hooking member can be disengaged from the bracket member, the screen protector can be detached from the screen frame to be cleaned or mounted on another monitor that has a bracket member installed.

The invention also includes a method for securing a screen protector to a monitor by strapping the screen protector to the monitor support.

**16 Claims, 5 Drawing Sheets**





FIG. 1



FIG. 2



FIG. 3

FIG. 4

FIG. 5



FIG. 6

FIG. 7



FIG. 8

FIG. 9

FIG. 10



**FIG. 11**

US 8,416,350 B2

**1**

## DETACHABLE SCREEN GUARD ASSEMBLY AND METHOD FOR SECURING A SCREEN PROTECTOR

### CROSS-REFERENCE TO RELATED APPLICATIONS

This application is continuation-in-part (CIP) to patent application Ser. No. 12/698,117 filed Feb. 1, 2010 now abandoned where claims **1** through **14** were allowed and are being repeated herein

### STATEMENT REGARDING FEDERALLY SPONSORED RESEARCH OR DEVELOPMENT

Not Applicable

### REFERENCE TO SEQUENCE LISTING, A TABLE, OR A COMPUTER PROGRAM LISTING COMPACT DISK APPENDIX

Not Applicable

### BACKGROUND OF THE INVENTION

1. Field of the Invention

The present invention relates generally to screen protective devices and more particularly to a detachable screen guard assembly for protecting a screen and mounted on a screen frame of an image display device.

2. Description of the Related Art

A great majority of the increasingly popular flat-screen monitors and flat-screen televisions have substantially fragile screens that need to be protected from accidental damage. In addition to the propensity of the screen being damaged, a screen protective device may benefit a viewer by reducing glare and radiation emitted by the screen.

A conventional screen protective device on the market is a hanging-type screen protective glass or plastic that in some cases is strapped to a monitor. This type of device, when hanging on top of a frame of a monitor, produces an inharmonious appearance to the monitor. Moreover, the hanging-type screen protective device utilizing two straps each connected to the top and the bottom of the screen protective device. These type devices have high manufacturing cost that makes it unaffordable for many users.

There are a number of previously developed screen protective devices that do not solve all challenges posed by the broad use of such devices with an existing monitor. Since a screen protective device is generally targeted for use by a broad consumer base, the installation process should be easy to perform even by an unskilled individual. In addition, the screen protective device should be easily detachable for cleaning. Further, the screen protective device should fit a wide range of presently manufactured monitors and should have low manufacturing cost.

Another screen protective device on the market is a thin protective membrane made of acrylic that directly attaches to a screen of a monitor. This type of protective device provides limited protection since it cannot prevent damage in case of substantial impact. In addition, it is hard to install on large size screens.

To overcome the shortcomings, the present invention provides detachable screen guard assembly to mitigate and obviate the above mentioned drawbacks.

### SUMMARY OF THE INVENTION

The primary objective of the present invention is to provide a detachable screen guard assembly for protecting the screen

**2**

of an existing monitor. The drawbacks in the prior art and the conventional screen protective devices are overcome by the present invention as described below.

To achieve the objective, a detachable screen guard assembly mounted on a screen frame of a monitor comprising a screen protector and a fastening apparatus. The screen protector is transparent and made of glass, acrylic, or plastic having excellent transparency.

The fastening apparatus includes at least one couple of a hooking member and a bracket member. The bracket member is mounted on the screen frame and the hooking member is mounted on the screen protector. The hooking member attaches mechanically to the bracket member. Because the hooking member can be disengaged from the bracket member, the screen protector can be detached from the screen frame to be cleaned or mounted on another monitor that has a bracket member installed.

The present invention can be manufactured cost efficiently and can easily be installed on a monitor by an unskilled individual. The detachable screen guard assembly conveniently attaches to a monitor completely protects the screen and keeps the monitor neat in appearance. Once installed, the fastening apparatus allows the screen protector to be detached from and position-adjusted with respect to the monitor. In addition, once installed on the monitor, the detachable screen guard assembly can easily be entirely removed without leaving marks or damaging the monitor.

In addition, the current invention includes a securing device that utilizes a new and innovative method for securing a screen protector on an image display device. The method involves strapping the screen protector to the monitor support. This is a significantly more cost efficient method compared to any known methods for securing a screen protector to a monitor using straps. Further, this method allows for fewer connection points between the securing device and the screen protector compared to traditionally available securing devices. Provided that most connection points are exposed, reducing their number significantly improves the viewing experience of the viewer.

The securing device offers tremendous versatility and is significant improvement over the prior art securing the screen protector to a monitor in a completely new way that was never thought or suggested in the past.

Many other advantages and features of the present invention will become manifest to those versed in the art upon making reference to the detailed drawings in which a preferred structural embodiment incorporating the principles of the present invention is shown by way of illustrative example.

### BRIEF DESCRIPTION OF THE DRAWINGS

FIG. **1** is an operational front view of the detachable screen guard assembly mounted on a monitor.

FIG. **2** is a fragmentary detail view of the detachable screen guard assembly mounted on a monitor.

FIG. **3** is a side view of the detachable screen guard assembly temporary detached from a monitor on which it is installed.

FIG. **4** is an operational side view of the detachable screen guard assembly mounted on a monitor.

FIG. **5** is an operational side view of the detachable screen guard assembly mounted on a monitor and including an element resting on the top of the monitor.

FIG. **6** is an operational front view of the detachable screen guard assembly mounted on a monitor and secured with a securing device to prevent accidental fall of the screen protector.

US 8,416,350 B2

3      4

FIG. **7** is an operational side view of the detachable screen guard assembly mounted on a monitor and secured with a securing device to prevent accidental fall of the screen protector.

FIG. **8** is an operational back view of the monitor protected with a screen protector that is secured with a securing device to prevent accidental fall of the screen protector.

FIG. **9** is an operational side view of the detachable screen guard assembly, utilizing an element connected to the top of the screen protector, where the detachable screen guard assembly is mounted on a monitor and secured with a securing device to prevent accidental fall of the screen protector.

FIG. **10** is an operational side view of the detachable screen guard assembly mounted on a monitor that is installed on a wall and secured with a securing device to prevent accidental fall of the screen protector.

FIG. **11** is an operational back view of the monitor protected with a screen protector that is secured with a one-strap securing device to prevent accidental fall of the screen protector.

DETAILED DESCRIPTION OF THE INVENTION

With reference to FIGS. **1** and **4**, a detachable screen guard assembly in accordance with the present invention is mounted on a screen frame (**13**) of a monitor (**12**) to protect a screen (**17**) of the monitor (**12**) and has a screen protector (**10**) and a fastening apparatus (**11**).

The screen protector (**10**) is transparent and made of glass, acrylic, or plastic having excellent transparency. Preferably, the screen protector (**10**) further has anti-glare and anti-radiation efficiencies to reduce a potentially harmful radiation and make users feel comfortable when they use the monitor (**12**). It is to be understood that other materials may be used in so far as they provide easy viewing of the screen (**17**).

The screen protector (**10**) is mounted detachably in front of the monitor (**12**) and is constructed preferably in generally a rectangular shape. However, it is to be understood that such shape may be sized according to the shape and size of the monitor (**12**) on which it is to fit.

Additionally, the size of the screen protector (**10**) is ideally diminished to not cover parts of the monitor (**12**), and controlling buttons (**18**) when present on the front surface of the screen frame (**13**). Therefore, appearance of the monitor (**12**) is kept original and the controlling buttons (**18**) are operated as usual without obstruction. Moreover, the screen protector (**10**) with the fastening apparatus (**11**) has a simple structure so that the manufacturing cost of the detachable screen guard assembly is decreased.

Further, in a preferred embodiment, the screen protector (**10**) has finished edges and rounded corners for improved appearance and to prevent injuries by accidental scraping or cutting of the user when working around the monitor. However, it is to be understood that such rounding of the corners of the screen protector (**10**) is for ergonomic reasons and that the corners may be shaped differently depending on various factors. In another embodiment (not shown), the screen protector (**10**) has a frame that improves appearance, holds the screen protector (**10**), or connects to the fastening apparatus (**11**).

The fastening apparatus (**11**) is mounted on the screen frame (**13**), detachably fastens the screen protector (**10**) in front of the monitor (**12**), and has one or multiple couples of a bracket member (**15**) and a corresponding detachable hooking member (**14**). With reference to FIG. **1**, in the preferred embodiment, the fastening apparatus (**11**) comprises of four couples of the bracket member (**15**) and the hooking member (**14**). Moreover, the bracket member (**15**) and the hooking

member (**14**) may be in different shapes and sizes, and may have different positioning on the screen frame (**13**) and the screen protector (**10**) respectively.

With reference to FIGS. **2**, **3** and **4**, the bracket member (**15**) is mounted on the surface of the screen frame (**13**) and has a front surface and a rear surface. The rear surface of the bracket member (**15**) connects to and is mounted on the surface of the screen frame (**13**) by removable adhesive tape. In addition, the bracket member (**15**) can be constructed such that it snaps on/off to the screen frame (**13**) or such that it is mounted on the surface of the screen frame (**13**) by glue or an adhesive tape. In the preferred embodiment, the bracket member (**15**) attaches to the screen frame (**13**) by adhesive attachment strips that can be easy to remove without leaving marks. The attachment strips may utilize removable or semi-permanent adhesive that can be removed without leaving marks or causing damage on the screen frame (**13**).

The hooking member (**14**) is mounted on the surface of the screen protector (**10**) and has a front surface and a rear surface. The rear surface of the hooking member (**14**) connects to and is mounted on the surface of the screen protector (**10**) by glue or an adhesive tape. In addition, the hooking member (**14**) can be constructed such that it is integrally connected to the screen protector (**10**), or such that it snaps on/off to the screen protector (**10**).

The front surface of the hooking member (**14**) and the front surface of the bracket member (**15**) are formed to be mechanically interlockable, whereby when the hooking member (**14**) and the bracket member (**15**) are interlocked the screen protector (**10**) is mounted on the monitor (**12**). Because the hooking member (**14**) is detachable from the bracket member (**15**), so the screen protector (**10**) can be detached from the screen frame (**13**). In addition, the hooking member (**14**) and the bracket member (**15**) can be constructed such that the hooking member (**14**) snaps on/off to the bracket member (**15**), or the hooking member (**14**) connects with the bracket member (**15**) through reclosable fastener, or other mechanical device.

When the detachable screen guard assembly is installed on the monitor (**12**), the fastening apparatus (**11**) allows the screen protector (**10**) to be adjusted horizontally and vertically with respect to the monitor (**12**) and the screen frame (**13**). With reference to FIG. **2**, in the preferred embodiment, the hooking member (**14**) and the bracket member (**15**) attach together mechanically through reclosable fasteners. Further, the size of the hooking member (**14**) is larger than the size of the bracket member (**15**). Therefore, the hooking member (**14**) can be repositioned with respect to the bracket member (**15**), and thus the screen protector (**10**) can be adjusted with respect to monitor (**12**) and the screen frame (**13**).

The detachable screen guard assembly may be used on any suitable image display device, including but not limited to rear projection display monitors, front projection display devices, flat screen televisions, various LCD, LED and plasma displays. The monitor (**12**) may be constructed as a wall mounted or ceiling mounted monitor (not shown), or be constructed as a laptop or desktop computer monitor.

In the preferred embodiment, the color of the hooking member (**14**) approximately matches the color of the screen frame (**13**). In addition, in the preferred embodiment, the fastening apparatus (**11**) allows for approximately 3 millimeters gap between the screen frame (**13**) and the screen protector (**10**). The gap allows air to flow between the screen frame (**13**) and the screen protector (**10**) and thus prevents overheating of the screen (**17**). In another embodiment (not shown), paint or other means can be applied on the screen protector (**10**) to conceal the fastening apparatus (**11**) from a viewer.

US 8,416,350 B2

In another embodiment (FIG. **5**), the screen protector (**10**) has a horizontal flat element (or elements) (**20**) attached to the top of the screen protector (**10**) that may be positioned with its flat surface being perpendicular to the surface of the screen protector (**10**). The flat element (**20**) may have the same thickness as the screen protector (**10**) and can be made of similar material. The flat element can rest on the top of the monitor (**12**) and provide additional support for the screen protector after installation on the monitor (**12**). The flat element (**20**) can be attached to the screen protector (**10**) with fixtures or molded on the screen protector, or made an integral part of the screen protector (FIG. **5**).

In yet another embodiment, the screen protector has a securing device (FIGS. **6, 7** and **8**) that is designed to secure a screen protector to an image display device. The securing device is designed to provide a means for preventing a screen protector from coming apart from the monitor after installation. The securing device can be used with the screen protector (**10**) that is a part of the detachable screen guard assembly described herein as well as other screen protectors from the field of screen protective equipment. The securing device comprises flexible strap(s) (**21**) and a connection apparatus (**24**), where the connection apparatus can be replaced with simple mechanical connection.

In the preferred embodiment, the securing device has two flexible straps (**21**) and a connection apparatus (**24**). Although, in the preferred embodiment the flexible straps are made of nylon they can also be made of other materials including but not limited to: polyester, copper (or other metals), rubber, plastic etc. the straps can also be elastic. Each of the two straps has two ends the first end is connected to the screen protector through adhesive strips (**22**) (FIGS. **6** and **7**), screws or rivets, or a loop that goes through an opening(s) drilled into the screen protector. There are other mechanical ways of securing the straps (**21**) to the screen protector (**10**). The second end of each strap (**21**) is connected to the connection apparatus (**24**) through stitching or other mechanical connection.

The connection apparatus (**24**) is designed to connect the two straps together. The connection apparatus may be designed to adjust the overall length of the securing device. In the preferred embodiment, the connection apparatus (**24**) comprises reclosable fastener that has a hook member and a loop member. The hook member is affixed to the first strap and the loop member is affixed to the second strap. When the hook member is connected with the loop member the connection apparatus is engaged. When the connection apparatus (**24**) is engaged the screen protector (**10**) is secured to the monitor (**12**) on which it is installed. The connection apparatus can be designed in other ways. For example, the connection apparatus can utilize a buckle that may allow the strap(s) to be connected and also adjusted in length.

The securing device secures the screen protector (**10**) to the monitor (**12**) by running across the monitor top then on the back of the monitor and around the stand (**23**) or the wall mount (**25**) that supports the monitor (**12**) (FIG. **10**). The securing device is designed to be strong enough to hold the weight of the screen protector (**10**). Thus the securing device prevents an accidental fall of the screen protector (**10**) from the monitor (**12**).

Alternatively, the securing device can be designed so that the connection apparatus is omitted and it comprises only one strap both ends of which are directly connected to the screen protector and designed to secure the screen protector to the monitor stand or mount.

The securing device can also be used with the screen protector embodiment that has the previously mentioned flat element (**20**) attached to the top of the screen protector (**10**). In this embodiment the strap can be attached to the flat element (**20**) that is connected to the screen protector (**10**) (FIG. **9**).

In another embodiment (FIG. **11**), the securing device comprises one strap (**21**) and a connection apparatus (**27**). The first end of the strap is affixed to the top of the screen protector and the second end of the strap is attached to the strap itself through a connection apparatus (**27**) or other mechanical connection. In this embodiment, the only strap of the securing device runs across the monitor top then on the back of the monitor and around the stand (**23**), forming a loop around the stand (**23**) (or the wall mount) on which the monitor is mounted. The connection apparatus (**27**) comprises reclosable fastener that has a hook member and a loop member. The hook member is affixed to the second end of the strap (**21**) and the loop member is affixed to the middle portion of the only strap (**21**). When the hook member is connected with the loop member the connection apparatus is engaged. When the connection apparatus (**28**) is engaged the securing device prevents an accidental fall of the screen protector from the monitor (**12**). In this embodiment the connection apparatus may be omitted and the second end of the strap can be mechanically connected to the middle portion of the strap. Further, instead of affixing to the screen protector the only strap may be passed through an opening drilled through the screen protector and the connection apparatus may be adapted to connect the first end and the second end of the strap.

In yet another embodiment (not shown), the securing device comprises only one strap and a connection apparatus where one end of the strap connects to the screen protector (**10**) and the second end connects to the connection apparatus, which in turn is mechanically connected to the screen protector (**10**).

The securing device provides for a securing method for a screen protector that is far superior to the conventional methods of securing screen protector to a monitor because the new design allows for achieving securing the screen protector at a lower manufacturing cost.

Even though numerous characteristics and advantages of the present invention have been set forth in the foregoing description, together with details of the structure and function of the invention, the disclosure is illustrative only Changes may be made in detail, especially in matters of shape, size and arrangement of parts within the principles of the invention to the full extent indicated by the broad general meaning of the terms in which the appended claims are expressed.

The invention claimed is:

1. A detachable screen guard assembly adapted to be mounted on a screen frame of an image display device comprising:

a screen protector being optically transparent and physically rigid, sized to extend over a screen of the image display device;

a fastening apparatus adapted to be mounted on the screen frame of the image display device, detachably fastening the screen protector on the screen frame and having at least one couple of a bracket member and a detachable hooking member, wherein each one of the at least one bracket member has a front surface and a rear surface adapted to be connecting to and mounted on the screen frame by removable adhesive device, whereby said bracket member can be entirely removed from the screen frame without leaving marks or causing damage; each one of the at least one detachable hooking member corresponds to and faces a corresponding said bracket

US 8,416,350 B2

7

member, has a front surface and a rear surface adapted to be connecting to and mounted on the screen protector; the front surface of the hooking member and the front surface of the bracket member are formed to be mechanically interlockable, whereby when the hooking member and the bracket member are interlocked the screen protector is mounted on the image display device; and the hooking member and the bracket member can be interlocked in more than one position with respect to each other, allowing the screen protector to be adjusted with respect to the image display device.

2. The detachable screen guard assembly of claim 1, wherein the screen protector has finished edges or rounded corners for improved appearance or to prevent injuries to the user.

3. The detachable screen guard assembly of claim 1, wherein said screen protector, when attached to said image display device, is distanced from the screen frame, whereby air can flow between the screen protector and the image display device.

4. The detachable screen guard assembly of claim 1, wherein said image display device is a flat screen television or a computer monitor.

5. The detachable screen guard assembly of claim 1, wherein said screen protector further has a frame.

6. The detachable screen guard assembly of claim 1, wherein said screen protector further has a means of concealing said fastening apparatus, whereby said fastening apparatus remains hidden from a viewer of the image display device.

7. The detachable screen guard assembly of claim 1, wherein said screen protector further has an anti-glare efficiency.

8

8. The detachable screen guard assembly of claim 1, wherein the screen protector has efficiency to protect a viewer from the radiation emitted by the image display device.

9. The detachable screen guard assembly of claim 1, wherein each couple of the bracket member and the hooking member that is a part of the fastening apparatus comprises a reclosable fastener member mounted on the screen frame and adapted to mate with a second reclosable fastener member mounted on the screen protector.

10. The detachable screen guard assembly of claim 1, wherein the fastening apparatus is colored so that its color approximately matches the color of the screen frame.

11. The detachable screen guard assembly of claim 1, wherein the screen protector is made of acrylic or plastic.

12. The detachable screen guard assembly of claim 1, further including additional means of fastening to said image display device.

13. The detachable screen guard assembly of claim 1, wherein the screen protector and the fastening apparatus are decorated.

14. The detachable screen guard assembly of claim 1, wherein the screen protector shape is adjusted to better fit the display or provide access to display control means.

15. The detachable screen guard assembly of claim 1, further including an element or elements attached to the top of the screen protector where said element or elements provide additional support for the screen protector after installation on said image display device.

16. The detachable screen guard assembly of claim 1, further including a device that secures the screen protector to a support on which said image display device is mounted.

* * * * *